**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:18-CV-0020-TBR**

**BEN COMER and**
**DAVID COUNSIL,**                                                    **PLAINTIFFS**

**v.**

**MCCRACKEN COUNTY DETENTION CENTER,**
**BENJAMIN D. GREEN, individually and/or in his official**
**capacity, BILL ADAMS, individually and in his official**
**capacity as McCracken County Jailer, and TONYA RAY,**
**individually and,/or in her official capacity as McCracken County**
**Jailer**                                                          **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Motion for Summary Judgment filed by

Defendants Bill Adams and Tonya Ray. (R. 35). Defendant Benjamin D. Green joins the Motion.

(R. 36).  The Plaintiffs, Ben Comer and David Counsil have repsonded. (R. 38). The matter is

ripe for adjudication. For the reasons that follow, the Defendants' Motion for Summary

Judgment, (R. 35), is HEREBY DENIED.

BACKGROUND

Plaintiff, David Counsil, was attacked twice while incarcerated at McCracken County

Detention Center. (R. 1). On October 2016, other inmates attacked Counsil, allegedly breaking

his jaw, knotting his head, and knocking out a tooth. (*Id.*). Counsil was attacked again sometime

between February 16 and 22, 2017 upon being placed back in general population. (*Id.*). Counsil

claims he suffered another broken tooth. He also claims he was not provided any medical

assistance, even though guards witnessed the attack. (*Id.*).

On January 26, 2018 the Plaintiffs filed their Complaint. (*Id.*). They claim that

Defendants violated their Eighth Amendment rights when they allegedly failed to protect them

from physical attacks and delayed in providing medical care following such attacks. Plaintiffs

also bring claims under Kentucky state law for intentional infliction of emotional distress, failure

to train and failure to supervise. (*Id.*). Responding to interrogatories, Counsil stated that he was

denied medical treatment for injuries sustained during an inmate on inmate attack which

occurred prior to October 20, 2016. (R. 35, Ex. A). Defendants now move for summary

judgment on all the Plaintiffs' claims. (R. 35).


STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[N]ot

every issue of fact or conflicting inference presents a genuine issue of material fact." Street v.

J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing

the burden of proof has presented a jury question as to each element in the case. Hartsel v. Keys,

87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of

evidence in support of her position; she must present evidence on which the trier of fact could

reasonably find for her. Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.

Ct. 2505, 91 L. Ed. 2d 202 (1986)). Mere speculation will not suffice to defeat a motion for

summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a

properly supported motion for summary judgment. A genuine dispute between the parties on an

issue of material fact must exist to render summary judgment inappropriate." Monette v. Elec.

Data Sys. Corp., 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc., 681 F.3d 312 (6th Cir. 2012).

DISCUSSION

The Defendants originally argued that they were entitled to summary judgment on all Plaintiffs' claims because they were barred by the statute of limitations. The Plaintiffs responded that their claims are based on the second attack, occurring in 2017, and that the Complaint described the 2016 events only to demonstrate the pattern of misconduct engaged in and/or permitted by Defendants. Thus, their claims are timely. The Defendants conceded that to the extent the claims relate to the 2017 attack, and not the 2016 attack, they are timely.

The Plaintiffs' federal and state claims are governed by one-year statutes of limitations. *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987), cert. denied, 485 U.S. 934 (1988) (finding that Section 1983 claims are governed by a one year statute of limitations in Kentucky); *see also, Coate v. Montgomery County, Ky.*, No. 99-6123, 2000 WL 1648131, at *3 (6th Cir. Oct. 27, 2000); *Martinez v. Hiland*, 5:13-CV-P182-GNS, 2017 WL 1540396, at *2 (W.D. Ky. Apr. 25, 2017); *Ham v. Marshall Cty.*, No. 5:11-CV-11, 2012 U.S. Dist. LEXIS 167925, at *9-10, 2012 WL 5930148 (W.D. Ky. Nov. 27, 2012) (holding negligent supervision claim barred by Kentucky's one-year statute of limitations); *A.R. ex rel. M.R. v. Fayette County Bd. of Educ.*, 2004-CA-002377-ME, 2007 WL 127775, at *4, n. 20 (Ky. App. Jan. 19, 2007) ("A negligent supervision tort claim is governed by the one-year limitations period in KRS 413.140(1)(a)."). Plaintiffs filed their Complaint on January 26, 2018. The second attack occurred in February of 2017. Thus, to the extent the Plaintiffs' claims relate to the 2017 attack, they are timely. Therefore, the Defendants' motion for summary judgment on all Platiniffs' claims is denied.

However, the Court notes that Plaintiffs' claims are only permitted to proceed to the extent they directly relate to the 2017 attack. Accordingly, Counsil will not be permitted to seek damages for facial bruising and swelling, knots on his head, missing teeth, and a purported fractured jaw that resulted from the 2016 attack.

CONCLUSION

For the reasons set above, and being otherwise sufficiently advised, the Court HEREBY DENIES the Defendants' Motion for Summary Judgment, (R. 35; R. 36).

IT IS SO ORDERED.

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 23, 2019

cc:      Counsel