UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-20-TBR-LLK

BEN COMER, *et al.*,                                                    PLAINTIFFS

v.

BENJAMIN D. GREEN, *et al.*,                                            DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendants Benjamin D. Green, Bill Adams, and Tonya Ray's Motions for Summary Judgment. [DN 46, 49, 52]. Plaintiff David Council responded, [DN 55], and Defendants replied, [DN 58, 59]. These matters are ripe for adjudication. For the reasons stated herein, Defendants' Motions for Summary Judgment, [DN 46, 49, 52], are GRANTED. The Court will enter an Order and Judgment contemporaneous to this Memorandum Opinion.

**BACKGROUND**

On January 26, 2018, Plaintiffs Ben Comer and David Council filed an action against the McCracken County Detention Center, Deputy Jailer Benjamin Green, and McCracken County Jailer Tonya Ray alleging that Defendants failed to protect them from physical attacks inside the Detention Center and delayed in providing medical care following such attacks. [DN 1]. Subsequently, Plaintiffs filed an Amended Complaint adding former McCracken County Jailer Bill Adams as a party to the suit. [DN 6]. On August 8, 2018, the Court granted McCracken County Detention Center's Motion to Dismiss on the basis that it is not an entity subject to suit. [DN 21]. On August 23, 2019, the Court held that Plaintiffs' claims relating to a 2016 attack were untimely. [DN 41]. Thus, only those claims directly related to a 2017 attack were allowed to proceed. *Id.* On February 7, 2020, the Court entered an agreed order of dismissal as to Plaintiff Comer. [DN 57].

1

Accordingly, only Plaintiff Council's claims regarding the 2017 attack against Defendants Green, Ray and Adams remain.

In October 2016, Council was incarcerated at the McCracken County Detention Center when he was attacked by four men. *Id.* at 31. As a result of the altercation, Council lost a tooth, developed several knots on this head, and suffered a probable broken jaw. *Id.* Afterwards, Council was placed in protective custody, where he claims he told a chaplain that "someone had to stop Defendants from causing or permitting unprovoked attacks on inmates." *Id.* Shortly thereafter, Defendant Green moved Council, and nineteen other inmates, back to the general population. *Id.* at 32. A few hours after the inmates were moved, fights broke out throughout the Detention Center. *Id.* According to the Amended Complaint, Council was attacked and suffered a broken tooth when several inmates in his cell began fighting. *Id.* However, Council later conceded that he "suffered only minor injuries from being pushed, thrown down and possibly hit," during the altercation. [DN 55 at 420]. Several hours later, Council left his cell and asked a guard for protection. [DN 6 at 32].

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

## DISCUSSION

### I. Physical Injury Requirement

First, Defendants argue that Plaintiff's claims should be dismissed for failure to satisfy the physical injury requirement of the Prison Litigation Reform Act ("PLRA"). [DN 52-1 at 355]. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Without the showing of some physical injury, which is more than *de minimis,* associated with his claims, Plaintiff's action fails. The Sixth Circuit has upheld summary judgment on a number of occasions where a prisoner could not show more than a *de minimis* injury. *Jarriett v. Wilson,* 162 F. App'x 394, 400–01 (6th Cir. 2005) (prisoner's swollen leg, pain, and cramps following an alleged beating by the guards were *de minimis* injuries); *Corsetti v. Tessmer,* 41 F. App'x 753, 755–56 (6th Cir. 2002) (two small bruises on shoulder that did not require medical attention were *de minimis* injuries and not actionable). Such rulings track the decisions of other courts. *See Oliver v. Keller,* 289 F.3d 623,

3

629 (9th Cir. 2002) (leg pain, back pain, and a painful canker sore were *de minimis* injuries); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (bruised ear for three days was *de minimis* injury and did not meet § 1997e(e) standard); *Luong v. Hatt,* 979 F.Supp. 481, 486 (N.D. Tex. 1997) (abrasions to forearm and chest, swelling of jaw, swollen writs, cuts on face and tongue were *de minimis,* but only because they were the types of injuries for which "[p]eople in the regular and ordinary events and activities in their daily lives do not seek medical care").

In the Amended Complaint, Council claims he suffered a broken tooth as a result of the altercation on February 21, 2017. [DN 6 at 32]. However, in his Response to Defendants' motions for summary judgment, Council admits that he "suffered only minor injuries," such as bruising, "from being pushed, thrown down, and possibly hit" during the fight. [DN 55 at 420]. Moreover, Council himself testified that he did not know of any injuries he received during the incident. [DN 60 at 612]. This testimony is corroborated by Council's original grievance form in which stated that he was shoved but did not allege any type of injury. [DN 52-1 at 355]. Finally, Council admits he stayed in the cell for several hours after the altercation and did not seek medical treatment. [DN 60 at 612–14]. Based on the foregoing, the Court concludes that any bruising Council received as a result of being shoved to the ground during the fight in his cell was a *de minimis* injury. Accordingly, Council fails to satisfy the requirements of the PLRA and his federal claims must be dismissed.

## II. Exhaustion of Administrative Remedies

Even if Council's injuries satisfied the requirements of the PLRA, his claims must still be dismissed for failure to exhaust administrative remedies. The PLRA requires a prisoner to exhaust all available administrative remedies before he may bring a federal action related to prison conditions. 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). To properly exhaust administrative remedies, the prisoner must comply with the deadlines and procedures of the specific prison involved. *See Woodford* 548 U.S. at 90; *Jones v. Bock*, 549 U.S. 199, 218 (2007); *accord Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015). Under the PLRA, the prisoner's failure to exhaust available, administrative remedies prior to filing suit is an affirmative defense, and, therefore, the defendants bear the burden of proof on exhaustion. *See Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (citing *Bock*, 549 U.S. at 1216); *Napier v. Laurel Cty.*, 636 F.3d 218, 255 (6th Cir. 2011).

The McCracken County Detention Center's grievance policy requires inmates to complete a grievance form and place it in a sealed envelope addressed to the Chief Deputy. [DN 55-6 at 512]. The Chief Deputy then has ten days to answer the grievance. *Id.* If the inmate is not satisfied with the grievance officer's ruling or the officer did not respond within ten days, an appeal may be made to the Jailer. *Id.* In this case, Council submitted a grievance form on February 22, 2017. [DN 52-5]. It appears that the Chief Deputy did not respond to the grievance. [DN 55 at 418]. Therefore, Council could have filed an appeal to the Jailer ten days later on March 5, 2017. *Id.* However, Council did not file an appeal and on March 14, 2017, he was transferred to the Christian County Detention Center. *Id.*

Defendants assert they are entitled to summary judgment because Council failed to exhaust his administrative remedies. [DN 52-1 at 356]. However, Council argues that his claims are not barred by the PLRA for two reasons. First, Council emphasizes the permissive language of the Detention Center's grievance policy: "an appeal *may* be made to the Jailer." [DN 55 at 418].

5

Because inmates are not required to file an appeal, Council contends appeals are "not a required part of the exhaustion requirement." *Id.* This argument was addressed and rejected by the Sixth Circuit in *Owns v. Keeling*, 461 F.3d 763, 770 n.4 (6th Cir. 2006):

> Owens argues that he was not required to exhaust the classification appeals process to meet the PLRA's exhaustion requirement because the requirement only applies to "mandatory remedies," and the classification appeals process was not "mandatory." Appellant Br. at 33 n.5. This argument misconstrues the PLRA and this court's precedent. Although a remedy must be "available" in order for a prisoner to be required to pursue it to exhaust his claim, 42 U.S.C. § 1997e(a); *Wyatt,* 193 F.3d at 879, this does not mean that the prison must require the prisoner to exhaust his remedies for the remedy to be "available." Generally, the prisoner would be free to choose not to exhaust his remedies; he would only be required to do so if he wants to file a complaint regarding the matter in federal court. Therefore, the permissive "may appeal a classification action" language in APP 401.08 is irrelevant to the consideration of the exhaustion issue.

*See also Russ v. CoreCivic, Inc.*, No. 3:17-CV-01415, 2019 WL 2296813, at *2 (M.D. Tenn. May 29, 2019) ("The exhaustion requirement exists even if the state describes its grievance system in permissive rather than mandatory language. . . . Therefore, the use in a prison policy of permissive terminology such as 'may' regarding advancing through levels of a tiered grievance system 'is irrelevant to the consideration of the exhaustion issue.'"). Thus, even though appeals are not "mandatory" pursuant to the Detention Center's policy in the sense that Council could choose not to pursue this remedy, it remained available to him and he was "required to do so if he want[ed] to file a complaint regarding this matter in federal court." *Rhinehart v. Scutt*, No. 2:10-CV-10006-DT, 2011 WL 679699, at *6 (E.D. Mich. Jan. 14, 2011), *report and recommendation adopted*, No. 10-CV-10006, 2011 WL 674736 (E.D. Mich. Feb. 16, 2011) (quoting O*wens*, 461 F.3d at 770 n. 4).

Second, Council argues that he was not required to exhaust his administrative remedies because he was transferred to a different facility before he had time to complete an appeal. [DN

55 at 418]. This argument is also without merit. As Defendants noted, Council had nine days to file an appeal before he was transferred to a different facility. [DN 59 at 556]. Moreover, the Sixth Circuit has held that "[t]he transfer of a prisoner from one facility to another does not render the grievance procedures at the transferor facility 'unavailable' for purposes of exhaustion." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citation omitted); s*ee also Brown v. Correct Care Integrated Health*, No. 3:09CV-P990-S, 2011 WL 2076404, at *2 (W.D. Ky. May 25, 2011); *Newell v. S. Health Partners, Inc.*, No. 116CV00070GNSHBB, 2019 WL 3432735, at *3 (W.D. Ky. July 30, 2019). Furthermore, while "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable," *Napier*, 636 F.3d at 223 (citation omitted), there is no evidence that Council attempted to file an appeal by mail or took any other affirmative action to comply with the Detention Center's grievance procedures, [DN 59 at 556]. Accordingly, Council failed to exhaust his administrative remedies as required by the PLRA and his federal claims must be dismissed.

### III. State Law Claims

Having dismissed Council's federal claims, the Court declines to exercise supplemental jurisdiction over his various state law claims. *See* 28 U.S.C. § 1367(c)(3); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012); *see also* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial.").[1] "When, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to

---

[1] If the Court were to exercise supplemental jurisdiction over Council's state law claims, "Sixth Circuit precedent will compel it to find that those claims are also barred by the PLRA." *Napier v. Laurel Cty., Ky.*, No. CIV A 06-368-ART, 2009 WL 2255767, at *6 (E.D. Ky. July 29, 2009), *aff'd,* 636 F.3d 218 (6th Cir. 2011).

dismissing the state law claims.'" *Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011) (citation omitted). Accordingly, the Court will dismiss Council's state law claims.

## CONCLUSION

For the reasons stated herein, Defendants' Motions for Summary Judgment, [DN 46, 49, 52] are GRANTED. The Court will enter an Order and Judgment contemporaneous to this Memorandum Opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 24, 2020

CC: Attorneys of Record